IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN DESHAWN ANDERSON, ) | |
| Petitioner, ) | Civil Action No. 09-179 Erie |
| ) | |
| v. ) | District Judge Sean J. McLaughlin |
| ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO QUINTANA, et al., ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is recommended that the Petition For Writ Of Habeas Corpus be denied because the claims raised by Petitioner Robin DeShawn Anderson are procedurally defaulted for failure to exhaust administrative remedies.

**II.  REPORT**[1]

**A.  Background**

On August 14, 2007, in the U.S. District Court for the Eastern District of Michigan, Petitioner pleaded guilty to Possession With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). [Ex. 2, ¶¶ 5(a), 6(l) (referencing PSR, at p. 4, ¶ 5)]. According to the federal plea agreement, the offense was committed on May 15, 2005, when officers of the Detroit Police Department executed a warrant at Petitioner's residence. During the execution of the warrant, officers found 16.92 grams of cocaine base (crack cocaine), a digital scale, and currency in the amount of $218.00. The

---

[1]  All "Ex." citations are to those documents attached to Respondent's Answer [ECF No. 18].

1

cocaine base and money were found in the pants pocket of Petitioner in a bedroom. [Ex. 2f, at p. 2, Plea Agreement].

On March 4, 2008, the district court sentenced Petitioner to 100 months of imprisonment to be served concurrently with the state sentence he was serving. [Ex. 2g, at p. 2, Judgment and Commitment Order]. On April 8, 2008, Petitioner was returned to state authorities in satisfaction of a writ of habeas corpus *ad prosequendum*. [Ex. 2b, at p. 2].

On December 23, 2008, Petitioner was paroled from his state sentence to the federal detainer to complete service of his federal sentence. [Id.]. On February 12, 2009, the Bureau of Prisons (the "BOP") designated him to the Federal Correctional Institution McKean. [Ex. 2i, Inmate History Admission-Release]. It computed Petitioner's 100-month federal sentence as having commenced on March 4, 2008, the date it was imposed. He received five days of prior custody credit pursuant to 18 U.S.C. § 3585(b) for time served on May 15, 2005, and from July 8, 2005 through July 11, 2005, that was not credited against his state sentence. [Ex. 2j, Federal Sentence Computation]. Assuming that Petitioner receives all good conduct time available to him under 18 U.S.C. § 3624(b), his projected release date is June 14, 2015. [Id.].

In his petition for writ of habeas corpus, Petitioner challenges the BOP's calculation of his federal sentence. Specifically, he argues that the BOP failed to compute his federal sentence as running concurrent with his state sentence. He also challenges BOP's computation of the good conduct time available to him under 18 U.S.C. § 3624(b). [ECF No. 5 at 5].

B. **Subject Matter Jurisdiction**

Although a challenge to a federal sentence as imposed must be made under 28 U.S.C. § 2255, a claim concerning execution of a federal sentence by the BOP is properly brought under 28 U.S.C.

2

§ 2241. Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir. 1976). "Execution of a sentence" includes matters such as computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, and type of detention. Because Petitioner is challenging the execution of his sentence, his habeas petition is properly brought under 28 U.S.C. § 2241.

### C. Exhaustion Of Administrative Remedies and Procedural Default

In their Answer [ECF No. 18], Respondent argues, *inter alia*, that the petition should be denied because Petitioner has failed to exhaust his administrative remedies and therefore has procedurally defaulted his claims.

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his claim to federal court. United States v. Wilson, 503 U.S. 329, 334-35 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, [the U.S. Court of Appeals for the Third Circuit has] consistently applied an exhaustion requirement to claims brought under § 2241."). The exhaustion requirement is mandated to ensure (1) development of a factual record, (2) to allow the agency to grant the appropriate relief, and (3) to promote internal resolution of agency error. Moscato, 98 F.3d at 761-762. This process ensures the proper allocation of judicial resources while promoting administrative autonomy. Id.

The administrative remedy procedure for federal prisoners bringing a 28 U.S.C. § 2241 petition are set forth at 28 C.F.R. §§ 542.10-.19. The BOP's administrative remedy procedure provides formal review of any complaint which relates to any aspect of the inmate's confinement. Under this process,

3

inmates must first attempt informal resolution of their complaints under procedures set forth by the Warden at the institution where the origin of the complaint occurred. 28 C.F.R. § 542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director. 28 C.F.R.§ 542.15. If the inmate is dissatisfied with the Region's response, he or she may file a Central Office Appeal with the Office of General Counsel in Washington, D.C. 28 C.F.R. § 542.15. Appeal to the Office of General Counsel is the final administrative appeal in the BOP. 28 C.F.R. § 542.15.

Respondent has demonstrated that Petitioner has failed to exhaust his available administrative remedies for any of the issues raised in the petition. The evidence of record establishes that during the relevant time period Petitioner had not submitted a single administrative remedy request or appeal. [Ex. 1 at ¶¶ 6-7, Declaration of Vanessa Herbin-Smith].

Petitioner's failure to raise his federal habeas claims in his administrative appeals amounts to a default of those claims. See, e.g., Harden v. Sherman, No. 1:05-cv-356, 2006 WL 3814767, slip op. at 5 (W.D. Pa. Dec. 27, 2006). To overcome the default, Petitioner must establish cause for his default and prejudice. See Moscato, 98 F.3d at 762 (federal prisoner who had failed to exhaust his available administrative remedies had procedurally default his habeas claim and could not "secure judicial review of his habeas claim absent a showing of cause and prejudice.") He has not met that burden. He has filed no reply to Respondents' procedural default argument and has failed to demonstrate any "cause" for his failure to raise the issues asserted in this case during the administrative appeal process. Id.; Werts v.

Vaughn, 228 F.3d 178, 193 (3d Cir. 2000). Thus, Petitioner has not overcome his procedural default and the petition must be denied on that basis.[2]

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition For Writ Of Habeas Corpus be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: June 17, 2011           /s/ Susan Paradise Baxter
                               SUSAN PARADISE BAXTER
                               United States Magistrate Judge


cc:   The Honorable Sean J. McLaughlin
      United States District Judge

---

[2] Section 102 of the Antiterrorism and Effective Death Penalty Act, as codified at 28 U.S.C. § 2253, set forth standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).